Catron, Ch. J.
delivered the opinion of himself and GREEN, J.
To understand this cause, the title and interest of an executor by the laws of England, and 2d, his title and interest under the laws of Tennessee, must be stated.
1. By the laws of England, the executor derives his title and powers almost exclusively from the will. Before probate he may possess himself of the goods and chattels of the testator, sell and dispose of them in payment of debts, or otherwise, and even give them away; he may sue before letters testamentary are granted to him, and if he procure them before he declares at law, or comes to a hearing in equity, they will be construed to relate to the commencement of the action. Toller on Ex. b. 1. chi 2, s. 6. p. 42. For all trespasses on the goods or chattels, and all contracts in reference thereto, after the testator’s death, and before probate, the executor can sue for and recover without producing letters testamentary. Ib. So he may be sued by the creditors of the testator.— Toller on Ex. 49.
These are rights vested by the will, and continue to exist until the executor is cited before the court of ordinary, and fails or refuses to qualify, which is recorded. This record is in the nature of a sentence divesting the executor of his title and interest in the goods and chattels. A refusal by any act in pais, as a mere verbal declaration to that effect, is not sufficient; but to give it validity, it must be thus solemnly entered of record. Toller on Ex. b. 1, ch. 1, sec. 3, p. 42.
It follows, that by force of the will, the testator immediately on his death is represented by his executor, whose legal title is the same to the goods and chattels, without the assent of the government, through a court of probate. Another consequence ensues; the executor cannot be divested of his title but by a judicial proceeding, of which he has notice by regular citation. It is by sentence of *20 renunciation the spiritual court acquires jurisdiction to vest title m the administrator.
Suppose administration be granted to another before the executor renounces or fails to qualify, and tins be recorded; of necessity the grant of administration will be void, because there cannot exist two titles to the property to be administered at the same time; and such is the well settled English law. Toller on Ex. 44, 93, 120.
2. By the laws of Tennessee, and of Virginia, (4 Munf. R. 104,) the executor acquires no title or power over the goods and chattels of the testator, by mere force of the will. “All executors of every discretion shall, before they presume to enter upon the administration of any estate whatsoever, enter into bond and security in the same way that administrators are required to do.” Act of 1813, ch. 119. And like administrators, they may be removed on application of the securities, if they mismanage the estate, or if for other reasons, the securities become unwilling longer to be responsible. Act of 1825, ch. '62. Until the will be proved in the proper court, the executor enters into bond -and security, and takes the oath well and truly to administer, the goods and chattels remain in custody of the law, subject; to the jurisdiction of the County Court.
Having had jurisdiction, the Williamson County Court could, and did, lawfully exercise it. The order appointing Gee administrator with the will annexed, may have been voidable, and the executor have had the right to cause it to be set aside, had he come in time, as the next of kin may; an administration may be granted to a stranger, and until revoked, the acts of the administrator are binding.
We are an emigrating people, and to leave the goods exposed until the executor could be regularly cited, would in many cases be attended with their destruction. The executor may have removed to another State, when the law furnishes no means of giving himnotice. If the executor be dissatisfied with the order of the County Court *21 appointing an administrator with the will annexed, it is i . t n it i t i Jus duty to come forward and cause the order to be set aside;- and whilst he fails, the presumption is, that the proceeding of the court meets Ms approbation, and wMch is almost uniformly in accordance with the fact. To declare the administration granted to Gee void, and to hold the distributee responsible as executor in his own wrong, would be harsh and pernicious in its consequences.
The Circuit Court erred in charging the jury that the grant of .administration to Gee was void. The judgment will be reversed and the cause remanded for trial de novo.
Cause remanded.